IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIM. NO. 1:22-00151-KD-MU-1** |
| ) | |
| **DARMONIE ALLEN,** ) | |
| ) | |
| **Defendant** ) | |

## Order

This action is before the Court on Defendant Allen's *pro se* motion for reconsideration of sentence (Doc. 50). However, because counsel has been appointed to represent Defendant Allen pursuant to the Criminal Justice Act (Doc. 8), his *pro se* motion is improperly filed.[1] Consequently, Defendant Allen's *pro se* motion is due to be STRICKEN. See United States v. Dale, 618 F. App'x 494, 497 (11th Cir. 2015) (approving district court's refusal, pursuant to local rules, to consider a represented defendant's *pro se* motion); see also United States v. Hands, 2005 WL 1614657 (S.D. Ala. June 22, 2005) (striking *pro se* motion to reconsider filed because

---

[1] Criminal Local Rule 44(B)(2) provides: "**Termination of Appointment**. **In the event that a Defendant is convicted, counsel** appointed under the Criminal Justice Act Plan **shall advise the defendant of his/her right to appeal and of his/her right to counsel on appeal. If requested to do so by the Defendant, counsel shall file a timely notice of appeal, and he/she shall continue to represent the Defendant unless he/she is relieved of that responsibility by Court order. If the Defendant does not request that an appeal be filed, counsel shall file a statement**, signed by both attorney and client, that the client has been informed of his/her right to appeal and his/her right to obtain counsel on appeal but has chosen not to appeal. **Once the notice of non-appeal is filed, the appointment shall terminate.** Representation by appointed counsel in other proceedings shall terminate when the purpose of the appointment is accomplished or when terminated by Court order." Id. (emphasis added). Defendant Allen's counsel did not file a notice of non-appeal. The time to appeal has not expired. Consequently, this Court's local rules dictate that Defendant Allen is still represented by appointed counsel. See Ruiz v. Wing, 991 F.3d 1130, 1144 (11th Cir. 2021) ("We…give great deference to a district court's interpretation of its local rules. Clark v. Hous. Auth. of Alma, 971 F.2d 723, 727 (11th Cir. 1992)).

defendant was represented by counsel); see also Moore v. United States, Case No. 2:11-cr-00229-KD-B (S.D. Ala. Apr. 18, 2014) (Doc. 87, Order striking *pro se* motion on basis that petitioner was represented by appointed counsel); see also Charest v. Mitchem, Case No. 1:10-cv-00067-CG-C (S.D. Ala. March 26, 2013) (Doc. 67, Endorsed Order striking the petitioner's filings "because petitioner is represented by counsel and may not file *pro se* pleadings while represented"). Accordingly, the motion (Doc. 50) is **STRICKEN**.

      **DONE** and **ORDERED** this **10th** day of **July 2023**.

                                /s/ Kristi K. DuBose
                                **KRISTI K. DuBOSE**
                                **UNITED STATES DISTRICT JUDGE**