**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 22-00151-KD-MU** |
| | ) | |
| **DARMONIE ALLEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on Defendant Darmonie Allen's Motion for Compassionate Release (doc. 52).  Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

Allen was tried and convicted for the offense of felon in possession of a firearm.  On June 16, 2023, he was sentenced to a term of 24-months to serve concurrent with any yet to be imposed state custody sentence (doc. 48).  Allen's release date is March 25, 2025.

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020).  In relevant part, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites,[1] "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

---

[1] Allen does not allege that he met either of the statutory prerequisites for consideration of his motion.  However, the Court of Appeals for the Eleventh Circuit has held that the exhaustion requirement is not a jurisdictional rule, but rather a claim processing rule which is "mandatory, in the sense that a court must enforce the rule if a party properly raises it[.]" United States v. Harris, 989 F.3d 908, 910 (11th Cir. 2021).

portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A).  Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  The applicable Policy Statement is found at U.S.S.G. § 1B1.13 (effective November 1, 2023).

Allen argues that he should be released because he is not a danger to the community and therefore meets the requirements of 18 U.S.C. § 3142(g) (doc. 52). He also alleges that he is needed at home to care for his family including his father and that his witness at trial was "scared" to take the stand and testify on his behalf.  However, the reasons alleged by Allen are not consistent with the criteria for extraordinary and compelling reasons in the applicable Policy Statement.  The Court acknowledges that danger to the community is a factor to consider. U.S.S.G. § 1B1.13(a)(2). However, the absence of dangerousness is not an extraordinary and compelling reason for a reduction of sentence as anticipated under the Policy Statement. U.S.S.G. § 1B1.13.

Allen does allege that his father is not well and previously, he made sure that his father went to the doctor.  The Policy Statement provides that the "incapacitation of the defendant's parent" may be an extraordinary and compelling reason for a reduction of sentence "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).  However, Allen

does not provide any medical documentation to support his argument that his father is incapacitated, and he does not provide any evidence that he is the only caregiver available.

Allen also alleges that his children need him at home.  The Policy Statement provides that the "death or incapacitation of the caregiver of the defendant's minor child" or "child who is 18 years of age or older and incapable of self-care" may be an extraordinary and compelling reason for a reduction of sentence. U.S.S.G. § 1B1.13(b)(3)(A).  However, Allen does not allege that his children's caregiver has died or is incapacitated.

Thus, Allen has failed to establish an extraordinary and compelling reason for a reduction of sentence.  Since no extraordinary and compelling reason exists, the Court need not address whether the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence or consider the factors in 18 U.S.C. § 3142(g) to determine whether Allen's early release would create a danger to the community. See United States v. Giron, 15 F. 4th 1343, 1347 (11th Cir. 2021).

DONE and ORDERED this the 29th day of March 2024.


**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**